UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON SORIANO,

                    Plaintiff,

        v.

UNION PACIFIC RAILROAD
COMPANY,

                    Defendant.

CASE NO. 3:25-cv-05019-BHS

ORDER

THIS MATTER is before the Court on defendant Union Pacific Railroad Company's motion to compel plaintiff Shannon Soriano to execute medical authorizations to permit Union Pacific to obtain relevant medical records throughout litigation, Dkt. 40.

Soriano is a former conductor for Union Pacific. She brings several claims against Union Pacific for injuries she sustained while on the job. Dkt. 1. In September 2025, Union Pacific sought medical authorization from Soriano to access ongoing medical updates throughout litigation. Dkt. 40-2 at 8–9. After months of email exchanges, Soriano

ORDER - 1

agreed only to "one-time records requests," requiring new authorizations for each updated record. *Id.* at 3.

Union Pacific seeks to compel Soriano to execute medical authorizations permitting it to obtain updated records from relevant providers throughout litigation. Dkt. 40. It contends Soriano's medical condition is central to the case and that under Fed. R. Civ. P. 26, she has a duty to supplement discovery responses as she receives treatment. *Id.* at 2. It clarifies that it does not seek "unrestricted access to [her] entire medical history," but rather limits its request to "providers and medical conditions that are relevant to [her] claims and alleged injuries." *Id.* at 5.

Soriano opposes the motion. Dkts. 42 and 44. She contends Union Pacific has not met Local Civil Rule (LCR) 37's meet and confer requirement. Dkt. 42. She argues Union Pacific's proposed medical authorizations are overbroad, violate HIPAA protections, and suggests Union Pacific pursue a subpoena under Rule 45 instead. *Id.*

The Court agrees with Union Pacific. First, reviewing the lengthy discussions between the parties, the meet and confer requirement has been sufficiently satisfied. Second, Soriano does not dispute that her medical condition is relevant to her case, and Union Pacific seeks only those records relevant to her claims and damages. It is more efficient for both parties if the records are released as they are updated. Third, regarding Soriano's HIPAA concerns, she may seek a protective order to mitigate the public disclosure of her relevant health records.

ORDER - 2

Union Pacific's motion to compel is **GRANTED**. Soriano shall execute medical authorizations to permit Union Pacific to access medical records relevant to her claims and injuries throughout litigation.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3